# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| RORY LEE ZIRKELBACH, <br><br> Movant, <br><br> vs. <br><br> UNITED STATES OF AMERICA. | No. C16-1015-LRR <br> No. CR13-1001-LRR <br><br> ORDER |

This matter appears before the court on the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1) and motion to amend (docket no. 4).

The movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and motion to amend are untimely. *See generally* 28 U.S.C. § 2255(f). Moreover, relief is unavailable in light of the law. More specifically, the United States Supreme Court recently held that the residual clause of the Armed Career Criminal Act ("ACCA") defining "violent felony" was unconstitutionally vague. *See Johnson v. United States*, ___ U.S. ___, ___, 135 S. Ct. 2551, 2557 (2015). In *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016), the United States Supreme Court made *Johnson's* holding retroactive to cases on collateral review. Here, however, the court did not sentence the movant under the ACCA. Instead, the court relied on the United States Sentencing Guidelines when sentencing the movant. And, on March 6, 2017, the United States Supreme Court concluded that the United States Sentencing Guidelines were not subject to a void for vagueness challenge under the Fifth Amendment's Due Process Clause. *See Beckles v. United States*, ___ U.S. ___, ___, ___ S. Ct. ___, ___, 2017 WL 855781, at

*6 (Mar. 6, 2017). Therefore, the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and motion to amend are denied.¹ As for a certificate of appealability, the movant has not made the requisite showing. *See* 28 U.S.C. § 2253(c)(2). Accordingly, a certificate of appealability under 28 U.S.C. § 2253 will not issue.

**IT IS SO ORDERED**.

**DATED** this 2nd day of October, 2017.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

¹ The court notes that the movant's reliance on *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016), which reiterated the methodology for determining whether a prior conviction qualifies as a violent felony for purposes of the ACCA, is unavailing because the Supreme Court did not recognize a new right that is retroactively applicable on collateral review. *Cf. Headbird v. United States*, 813 F.3d 1092, 1097 (8th Cir. 2016) (upholding dismissal under § 2255(f) because *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013), did not involve "newly recognized" right).